**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **GLORIA WALDEN,**  <br>　　　　　　　**Plaintiff,**  <br>　v.  <br>**VERIZON BUSINESS NETWORK SERVICES, INC. f/k/a MCI NETWORK SERVICES, INC., and COMSYS INFORMATION TECHNOLOGY SERVICES, INC.,**  <br>　　　　　　　**Defendants.** | **1:06-cv-2394-WSD-WEJ** |

**OPINION AND ORDER**

This is an action by Plaintiff Gloria Walden ("Plaintiff") alleging that the Defendants Verizon Business Network Services, Inc. ("VBNS") and COMSYS Information Technology Services, Inc. ("COMSYS") (collectively, the "Defendants") discriminated against her because of her pregnancy in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII"). The matter is before the Court on Magistrate Judge Johnson's Final Report and Recommendation ("R&R) [74], on Plaintiff's Objections to the R&R [75], and on the Defendants' Motions for Summary Judgment [55 & 58].

**I.      STANDARD OF REVIEW**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party."  Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (internal citations omitted).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

In this case, Plaintiff objected to four sections of Magistrate Judge Johnson's R&R: (1) the conclusion that Plaintiff has no cause of action against COMSYS; (2) the conclusion that Plaintiff has presented no direct evidence of discrimination; (3) the conclusion that Plaintiff did not make a *prima facie* case of discrimination

against VBNS; and (4) the conclusion that Plaintiff failed to show a genuine issue of material fact on whether VBNS' stated reason for termination was a pretext for discrimination. The Court conducts a *de novo* review of those portions of the R&R. Plaintiff has not objected to the remaining portions of the R&R, and the Court reviews those portions for plain error. The Court has reviewed the R&R's Statement of Facts, R&R at 2-16, and, finding no plain error, adopts the facts set forth in the R&R as the Order of the Court.[1] The Court has also reviewed the Magistrate Judge's recommendations that Plaintiff timely filed this action, id. at 19-20, and that VBNS is not entitled to summary judgment on its argument that it was not Plaintiff's joint employer. Id. at 21-28. Finding no plain error, the Court adopts those sections of the R&R as its Order.

## II.   DISCUSSION

### A.   The Standard on a Motion for Summary Judgment

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of

---

[1] The Court also adopts the abbreviations defined in the R&R (e.g., "VSMF").

law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact. Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1246 (11th Cir. 1999). Once the moving party has met this burden, the non-movant must demonstrate that summary judgment is inappropriate by designating specific facts showing a genuine issue for trial. Graham v. State Farm Mut. Ins. Co., 193 F.3d 1274, 1282 (11th Cir. 1999). "The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings." Id.

"At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 127 S. Ct. 1769, 1776 (2007). Where the record tells two different stories, one blatantly contradicted by the evidence, the Court is not required to adopt that version of the facts when ruling on summary judgment. Id. "[C]redibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury . . . ." Graham, 193 F.3d at 1282. "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." Herzog, 193 F.3d at 1246. But, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the

non-moving party," summary judgment is proper. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### B.      Plaintiff's Title VII Claims

#### 1.      The Standards for a Pregnancy Discrimination Claim

Under federal law, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex . . . ." 42 U.S.C. § 2000e-2(a). The Pregnancy Discrimination Act of 1978 ("PDA") provides that prohibitions on discrimination "because of sex" or "on the basis of sex" include discrimination on the basis of pregnancy, childbirth, and related medical conditions. Id. § 2000e(k). In a Title VII discrimination case, the Plaintiff bears the burden of proving that the defendant intentionally discriminated against her. Green v. Sch. Bd. of Hillsborough Cty., Fla., 25 F.3d 974, 978 (11th Cir. 1994). Plaintiff can prove discrimination with either (1) direct evidence of discrimination motivating an employment decision, (2) circumstantial evidence sufficient to allow an inference of discrimination, or (3) statistical proof of a pattern of discrimination. Wright v. Southland Corp., 187 F.3d 1287, 1293 (11th Cir. 1999).

Direct evidence of discrimination, "in the context of employment discrimination law, means evidence from which a reasonable trier of fact could find, more probably than not, a causal link between an adverse employment action and a protected personal characteristic." Wright, 187 F.3d at 1293; accord Carter v. City of Miami, 870 F.2d 578, 582 (11th Cir. 1989) ("only the most blatant remarks, whose intent could be nothing other than to discriminate" comprise direct evidence of discrimination). Direct evidence must indicate that the complained-of employment decision was actually motivated by animus. Damon v. Fleming Supermarkets of Fla., Inc., 196 F.3d 1354, 1358-59 (11th Cir. 1999), cert. denied, 529 U.S. 1109 (2000). A statement merely suggesting discriminatory motive is by definition circumstantial evidence. Burrell v. Bd. of Trs. of Ga. Military Coll., 125 F.3d 1390, 1393-94 (11th Cir. 1997). A plaintiff who produces direct evidence of discrimination has stated a valid Title VII claim. Wright, 187 F.3d at 1293.

If a plaintiff cannot produce direct evidence of discrimination, she is entitled to rely on what is termed the McDonnell Douglas presumption and burden-shifting framework. Id.; McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). Under the McDonnell Douglas framework, the plaintiff must first establish a *prima facie* case of discrimination. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-11

(2002). If the plaintiff can show a *prima facie* case, plaintiff has raised a presumption of discrimination, and a burden of production shifts to the defendant to rebut the presumption with a legitimate, non-discriminatory reason for its action(s). Wright, 187 F.3d at 1291. "This intermediate burden is 'exceedingly light.'" Holifield v. Reno, 115 F.3d 1555, 1564 (11th Cir. 1997). "Where the defendant meets this burden, the plaintiff has the opportunity to demonstrate that the defendant's articulated reason for the adverse employment action is a mere pretext for discrimination." Id. at 1565. Plaintiff bears the ultimate burden to persuade the trier of fact that the defendant intentionally discriminated against her. Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981).

To establish a *prima facie* case of pregnancy discrimination, the plaintiff must show that (1) she is a member of a group protected by the PDA; (2) she was qualified for the position or benefit sought; (3) she suffered an adverse effect on her employment; and (4) she suffered from a differential application of work or disciplinary rules. Spivey v. Beverly Enters., Inc., 196 F.3d 1309, 1312 (11th Cir. 1999).[2]

---

[2] As the Magistrate Judge correctly points out, Plaintiff voluntarily terminated her employment with VBNS. VBNS later refused to rehire her. Her claim is better analyzed under a "failure to hire" prima facie standard, requiring

### 2.     Plaintiff's Allegations of Discrimination by COMSYS

The Magistrate Judge concluded that summary judgment should be entered for COMSYS because Plaintiff cannot prove a *prima facie* case of discrimination against COMSYS. Upon *de novo* review, the Court agrees.

Plaintiff has identified no evidence supporting intentional discrimination by COMSYS. Plaintiff's manager at COMSYS, Jennifer Danbury, apparently congratulated Plaintiff on her pregnancy, and no one from COMSYS ever said or did anything to imply Plaintiff's pregnancy was a problem. When management at VBNS determined that Plaintiff's replacement, Jocelyn Reynolds, was performing Plaintiff's old job better than she had, VBNS apparently immediately notified COMSYS and explained that its reason for not re-hiring Plaintiff was that Reynolds was doing a better job than Plaintiff. Plaintiff admits that VBNS did not imply to COMSYS that the decision not to rehire Plaintiff was based in any part on Plaintiff's pregnancy, and Plaintiff admits that the decision not to rehire Plaintiff was made solely by VBNS. Indeed, after VBNS communicated its decision to

---

that she prove that (1) she is a member of a group protected by the PDA; (2) she was qualified for a position and applied for it; (3) she was not considered for the position despite her qualifications; and (4) equally or less qualified individuals outside her protected class were considered or hired for the position. Underwood v. Perry County Comm'n, 431 F.3d 788, 794 (11th Cir. 2005).

COMSYS, COMSYS contacted Plaintiff and subsequently attempted for several months to place Plaintiff in a new position, attempts which were ultimately unsuccessful.

Plaintiff argues that COMSYS is liable because it "knew or should have known" of VBNS' discrimination against her. Plaintiff's argument fails for two reasons. She attempts to import a standard from sexual harassment law providing that, "[a]n employer may also be responsible for the acts of non-employees, with respect to sexual harassment of employees in the workplace, where the employer (or its agents or supervisory employees) knows or should have known of the conduct and fails to take immediate and appropriate corrective action." 29 C.F.R. § 1604.11(e). By its terms, that regulation applies only to sexual harassment claims. Plaintiff's argument also fails because the facts she has shown indicate that COMSYS should *not* have known of any alleged discrimination against her because (i) VBNS provided to COMSYS a legitimate, reasonable reason to prefer Reynolds over Plaintiff, and (ii) Reynolds, who replaced Plaintiff, was also the mother of an infant under the age of one. Plaintiff has not established any discriminatory conduct by COMSYS, and COMSYS is entitled to summary judgment. Plaintiff's objection is overruled.

### 3. Direct Evidence of Discrimination

Plaintiff next objects to the Magistrate Judge's conclusion that she failed to present direct evidence of discrimination. The Court overrules Plaintiff's objection.

Direct evidence of discrimination is evidence from which a "reasonable trier of fact could find, more probably than not, a causal link between an adverse employment action" and Plaintiff's pregnancy. Wright, 187 F.3d at 1293. Examples of direct evidence are blatantly discriminatory statements or actions, Carter, 870 F.2d at 582, and evidence that shows actual animus toward Plaintiff's pregnancy motivating an employment decision. Damon, 196 F.3d at 1358-59. Direct evidence must reflect a discriminatory attitude correlating to the discrimination complained of by Plaintiff. Van Voorhis v. Hillsborough County Bd. of County Comm'rs, No. 07-12672, 2008 WL 66258, at *3 (11th Cir. Jan. 8, 2008) (statement that defendant "didn't want any old pilots" qualified as direct evidence of discrimination); Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1086 (11th Cir.2004). Plaintiff has not shown this sort of evidence.

Plaintiff has admitted that no one at COMSYS or VBNS ever made any negative comments to her about her pregnancy (to the contrary, Danbury

apparently congratulated her).  Plaintiff shows only that VBNS had promised her a job upon her return to work, that at least one other VBNS employee believed she would return, and that VBNS ultimately selected another mother of a young child over Plaintiff, and she argues repeatedly that she performed well in her job duties before leaving VBNS and thus should have been rehired.  Plaintiff has, at most, produced evidence of *circumstances* of the decision not to rehire her, not direct evidence of discrimination.  The undisputed evidence, however, shows that Reynolds, Plaintiff's replacement, performed the job better than Plaintiff.  The evidence produced by Plaintiff does not show any intentional discrimination by VBNS or COMSYS – thus there is no direct evidence of discrimination, and her objection on this ground is overruled.

### 4. Prima Facie Case of Discrimination Against VBNS

Plaintiff then objects to the Magistrate Judge's conclusion that she failed to show a *prima facie* case of discrimination by VBNS.  The Court overrules Plaintiff's objection.

Absent direct evidence of discrimination, Plaintiff must use the McDonnell Douglas burden-shifting framework, which depends initially on Plaintiff showing a *prima facie* case of discrimination.  An element of a *prima facie* discrimination

case is that Plaintiff must have been replaced by someone outside of her protected class (discriminatory discharge), Cuddeback v. Fla. Bd. of Educ., 381 F.3d 1230, 1235 (11th Cir. 2004), or that an equally or less qualified individual outside her protected class was considered or hired for the position to which Plaintiff applied (discriminatory failure to hire).  Underwood, 431 F.3d at 794.[3]

Plaintiff was not "replaced" by anyone.  She admits that she voluntarily left VBNS to have a child and that she re-applied for her former job after having the child.  There is no evidence, therefore, of discriminatory discharge.[4]  Plaintiff also was not replaced or passed-over by someone outside of her protected class.  As the undisputed facts show, Reynolds was the mother of a 10-month old child, a fact which was known to VBNS when it decided to retain Reynolds over Plaintiff.[5]  If

---

[3] A plaintiff may also establish a *prima facie* case of discrimination by showing that she suffered from a differential application of work or disciplinary rules.  Spivey, 196 F.3d at 1312.  Plaintiff admits she has presented no evidence of this sort of disparate treatment.

[4] It is also worth mentioning that, despite Plaintiff's repeated assertions to the contrary, she was not taking "maternity leave" because, as she unequivocally admitted, she was not entitled to maternity leave.  CSMF ¶ 20; Pl.'s Resp. CSMF ¶ 20.

[5] The Magistrate Judge stated this succinctly: "Although plaintiff claims that VBNS replaced her with a non-pregnant person, she ignores the undisputed facts here.  Both women were no longer pregnant and had recently delivered babies

anything, the facts presented by Plaintiff show a *lack* of discriminatory animus by VBNS because VBNS indisputably chose a recently-pregnant woman over the recently-pregnant Plaintiff. Put another way, from two equally-situated persons, VBNS selected the employee who distinguished herself as the better performer. Plaintiff has failed to show the fourth element of a *prima facie* discrimination case against VBNS, and her objection is overruled. VBNS is entitled to summary judgment.

Although Plaintiff has not established a *prima facie* case of discrimination, even if she had she cannot prevail under the McDonnell Douglas burden-shifting framework. Had Plaintiff made a *prima facie* case, the burden would have shifted to VBNS to produce evidence of a legitimate, non-discriminatory reason for refusing to rehire her. Wright, 187 F.3d at 1291. VBNS proffered that Reynolds performed her job better than Plaintiff, and this was the reason it elected for Reynolds to continue in Plaintiff's former position. Plaintiff has offered no

---

when VBNS decided to retain Ms. Reynolds and not allow plaintiff to return. There was no discernable difference between these two candidates." R&R at 37 n.28 (internal citations omitted). The Court also notes that Plaintiff's argument that evidence of Reynold's newborn is hearsay fails because Plaintiff admitted that VBNS "was aware that Reynolds was the mother of a young child." VSMF ¶ 20; Pl.'s Resp. VSMF ¶ 20.

evidence suggesting this reason was pretextual.  The Court is not empowered or qualified to second-guess an employer's decision as to who is a better employee, Cooper v. Southern Co., 390 F.3d 695, 732 (11th Cir. 2004), cert. denied, 546 U.S. 960 (2005), especially here where VBNS elected to retain one recently-pregnant woman over another recently-pregnant woman.  Plaintiff's fourth objection is overruled.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Magistrate Judge's Report and Recommendation [74] as the Order of the Court.  Defendant COMSYS Technology Services, Inc.'s Motion for Summary Judgment [55] is **GRANTED**.  Defendant Verizon Business Network Services, Inc.'s Motion for Summary Judgment [58] is **GRANTED**.  The Clerk is **DIRECTED** to terminate this case.

**SO ORDERED** this 29th day of January 2008.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE